UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK COLLINS, INC.,

                      Plaintiff,                **ORDER**
        -against-                         CV 12-1153 (JFB)(ARL)

JOHN DOES 1-11,

                     Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       In this action for copyright infringement, plaintiff seeks leave to serve third-party subpoenas prior to the Fed. R. Civ. P. 26(f) discovery conference.  Specifically, plaintiff seeks to serve subpoenas upon the Internet Service Providers ("ISPs") of the defendants, whose current identity is unknown, in order to ascertain their identify.

       By way of background, plaintiff, a California corporation, alleges that it is the owner of the copyright for a film entitled "Big Wet Assess 19" ("BWA").  (Compl. ¶¶ 6, 11.)  Plaintiff further alleges that through the use of BitTorrent, a common peer-to-peer file sharing protocol used for distributing large amounts of data through the internet,[1] defendants downloaded and shared copies of BWA without plaintiff's permission or consent.  (*Id*. at ¶¶ 14-35.)  Plaintiff retained an investigator to identify the Internet Protocol ("IP") address associated with downloading and sharing BWA.  (*Id*. at ¶¶ 36-42.)  According to plaintiff, IP addresses are assigned by ISPs who maintain records of the date, time and customer identity for each IP address they assign.  (Pl.'s Mem. of Law, dated March 12, 2012, at 3.)  Plaintiff alleges that defendants' acts constitute direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501 as well as contributory copyright infringement, and plaintiff seeks damages as well as injunctive relief and attorney's fees and costs.  (Compl. ¶¶ 45-59.)

       As a preliminary matter, plaintiff brings this action against John Does 1-11 alleging that the John Does were "acting in concert with each other," "working together", and "directly interacted and communicated with other members of that swarm."  (Compl. ¶¶ 10, 32-33.)  In considering plaintiff's application, however, the undersigned finds that for the reasons set forth in the well-reasoned decision of Magistrate Judge Gary R. Brown dated May 1, 2012, plaintiff has not satisfied the requirement of establishing that defendants participated in the same "transaction" or "occurrence" within the meaning of Fed. R. Civ. P. 20,[2] *see In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995(DRH)(GRB); 12-1147 (JS)(GRB), 12-1150 (LDW)(GRB); 12-1154(ADS)(GRB), 2012 WL 1570765 (E.D.N.Y. May 1, 2012), and thus

---

     [1]Peer-to-peer sharing permits users to exchange files directly without the use of intermediate servers.  *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 113 (2d Cir. 2010)

     [2]Notably, in *In re BitTorrent*, the four complaints that were subject to that Order are nearly identical to the within Complaint, although each involved a different adult film.  *See id*.

considers the plaintiff's application for service of subpoena(s) only as to John Doe 1.[3]

Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). However, the Rule carves out an exception for such discovery when it is "authorized . . . by court order." *Id.* Courts in this Circuit will allow a party in a copyright infringement action to issue a subpoena when there is: (1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). Plaintiff's application satisfies the foregoing factors.

First, to state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright in a work, and (2) the copying elements of the work that are original. *See Feist Pub., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." *Redd Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) (citing 17 U.S.C. § 411(a)). Plaintiff has properly pled the elements of a copyright infringement action. As set forth in plaintiff's Complaint, the film BWA at issue herein is owned by plaintiff and registered with the United States Copyright Office. (Compl. ¶¶ 11, 46.) Plaintiff's Complaint further pleads that "[b]y using the BitTorrent protocol and a BitTorrent Client . . . , each Defendant copied the constituent elements of the registered [film] that are original." (*Id.* at ¶ 47.) "Plaintiff did not authorize, permit or consent to Defendants' copying of its [film]." (*Id.* at ¶ 48.) With respect to the second factor, plaintiff's motion seeks leave to serve third-party subpoena(s) on defendant's ISP(s) to discover defendant's name, address, telephone number, email addresse and Media Access Control ("MAC") address. Plaintiff avers that all such information is in the possession of defendant's ISP(s). (*Feiser Decl.*, dated 14, 2012, at ¶ 23.) Although the second factor is satisfied as the requested discovery is both limited and specific*, see Sony Music Entm't Inc.*, 326 F. Supp. 2d at 566 ("Plaintiffs' discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court"), not all of the information sought is required to effect service of process, viz., the home telephone number, email address and the MAC address of the putative John Doe 1.

Thirdly, the service of the requested subpoena(s) appears to be the only avenue available to plaintiff to discover the identity of the defendant John Doe 1. Plaintiff avers that "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service." (*Feiser Decl.*, dated 14, 2012,

---

[3]In a separate Report and Recommendation, the undersigned reports that based on the well-articulated reasons set forth in *In re BitTorrent*, 2012 WL 1570765 at *9-15, dismissal of the claims against all but the first named defendant is appropriate and recommends that the Court dismiss the claims against all of the defendants except the defendant designated as John Doe 1. *See* Report and Recommendation, dated May 31, 2012.

at ¶ 9.)  "Once provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber."  (*Id.* at ¶ 23.) Plaintiff has demonstrated that certain of the information it seeks from the subpoena(s) to the ISP provider(s) is necessary to effect service of process, to wit John Doe 1's name and address.  *See Sony Music Entm't Inc.*, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[] will be unable to serve process").  Finally, the defendant John Doe 1 is alleged to be a copyright infringer and therefore has "little expectation of privacy in downloading . . . copyrighted [works] without permission."  *Id.* (citation omitted).  Accordingly, plaintiff's motion for leave to serve third-party subpoena(s) prior to a Rule 26(f) conference is granted, subject to the following notification requirements and other limitations:

1.    Plaintiff may serve subpoenas pursuant to Fed. R. Civ. P . 45 on the ISPs to obtain the name and address for defendant designated as John Doe 1 to whom the ISP assigned an IP address.  Under no circumstances is plaintiff permitted to seek or obtain the telephone number or email address of this individual, or to seek or obtain information about any potential John Doe defendant other than John Doe 1. Plaintiff's counsel is directed to attach a copy of this Order to the subpoena.

2.    Within seven (7) days of service of each subpoena, the ISPs shall reasonably attempt to identify the John Doe 1 and provide him or her with a copy of the subpoena and this Order.  If any of the ISPs are unable to determine to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall so notify Plaintiff's counsel.

3.    The ISPs shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena.  The potential defendant shall have fourteen (14) days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

4.    Absent any motion to quash or objections, the ISP(s) shall produce the information sought to Plaintiff within twenty-one (21) days after notifying each Defendant pursuant to paragraph (2) above.

5.    Plaintiff may only use the information disclosed pursuant to the subpoena(s) for the purpose of protecting and enforcing plaintiff's rights as set forth in the Complaint.

Dated: Central Islip, New York                    **SO ORDERED:**
       May 31, 2012

                                                 _____/s/_____
                                               ARLENE R. LINDSAY
                                               United States Magistrate Judge