UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK COLLINS, INC.,

                Plaintiff,                        **Report and Recommendation**
     -against-                                     CV 12-1153 (JFB)(ARL)

JOHN DOES 1-11,

                Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff Patrick Collins, Inc. brings this action against John Does 1-11 alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent. The putative defendants are identified only by Internet Protocol ("IP") address purportedly corresponding to a physical address in this district. In this action, plaintiff sought leave to serve third-party subpoenas prior to the Fed. R. Civ. P. 26(f) discovery conference. Specifically, plaintiff sought to serve subpoenas upon the Internet Service Providers ("ISPs") of the defendants, whose current identity is unknown, in order to ascertain their identify. The Complaint alleges that the defendant John Does were "acting in concert with each other," "working together", and "directly interacted and communicated with other members of that swarm." (Compl. ¶¶ 10, 32-33.) In considering plaintiff's application, however, the undersigned concluded that for the reasons set forth in the well-reasoned decision of Magistrate Judge Gary R. Brown dated May 1, 2012, plaintiff had not satisfied the requirement of establishing that defendants participated in the same "transaction" or "occurrence" within the meaning of Fed. R. Civ. P. 20,[1] *see In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995(DRH)(GRB); 12-1147 (JS)(GRB), 12-1150 (LDW)(GRB); 12-1154(ADS)(GRB), 2012 WL 1570765 (E.D.N.Y. May 1, 2012), and that each defendant is involved in a separate and discrete incident and the alleged acts are not related.

      "It is improper to join defendants who are unrelated either factually or legally." *DirectTV, Inc. v. Armellino*, 216 F.R.D. 240, 240 (E.D.N.Y. 2003) (dismissing without prejudice, in plaintiff's action against multiple defendants alleging they intercepted its programming by means of pirate access devices in unrelated acts, the claims against all the defendants except the first named defendant); *cf. CSC Holdings Inc. v. Tack*, 00-CV-3555 (JS), Memorandum and Order, dated Feb. 20, 2001 (dismissing without prejudice, in an action filed against multiple defendants alleging they had intercepted its cable programming services by means of unauthorized pirate cable television converter-decoders, the claims against all but the first named defendant pursuant to Fed. R. Civ. P. 21). Accordingly, the undersigned reports that based on the well-articulated reasons set forth in *In re BitTorrent*, 2012 WL 1570765 at *9-15, dismissal of the claims against all but the first named defendant is appropriate and recommends that the Complaint be dismissed, *sua sponte*, and without prejudice, as to all defendants except the individual designated as John Doe 1.

---

      [1]Notably, in *In re BitTorrent*, the four complaints that were subject to that Order are nearly identical to the within Complaint, although each involved a different adult film. *See id.*

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; *Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008)*; Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  
       May 31, 2012

SO ORDERED:

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge